### No. 291

No. 18744—American Export & Inland Coal Corporation v. Matthew Addy Company. Error to the Court of Appeals of Hamilton county.

1235. VERDICT—May be directed for defendant in absence of proof of his knowledge of a fraudulent transaction, when such knowledge is a necessary element of recovery from him.

114. ATTORNEY AND CLIENT—Attorney notice or knowledge of facts affecting rights of his client considered notice to such client, but in certain described collection instances, where an attorney makes a personal profit, his knowledge not imputed to his employer.

DAY, J.

1. Where knowledge of a fraudulent transaction is a necessary element of recovery against a defendant, and the evidence at the close of plaintiff's case does not tend to prove such knowledge, actual or constructive, nor does the evidence afford a reasonable inference thereof, a motion for a directed verdict in favor of defendant is properly sustained.

2. The general rule that notice to an agent is notice to his principal applies to the relation of attorney and client, and an attorney's notice or knowledge of facts affecting the rights of his client will be considered notice to the latter.

3. An exception to such general rule exists where a creditor employs an attorney to collect a claim and the attorney after partially enforcing such collection enters into an agreement with the debtor, without the creditor's knowledge, whereby the debtor is enabled to dispose of certain assets of a corporation of which he is an officer, which corporation is not indebted to the creditor, out of which transaction the attorney makes a personal profit from the debtor, and the debtor is enabled to meet other obligations, the knowledge obtained by the attorney in such transaction is not to be imputed to the creditor, even though a part of the proceeds of the transaction between the debtor and the attorney is applied upon the claim of the creditor due from the debtor, such transaction between the attorney and the debtor being outside the scope of the attorney's employment by the creditor and not within the knowledge of the creditor.

Judgment affirmed.

Matthias, Kinkade and Robinson, JJ., concur. Marshall, C. J., dissents. Jones, J., not participating.